An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY TERRELL HAMPTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61771

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery (count one) and robbery with the use of a deadly weapon (count two). Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant argues that the district court violated the Double Jeopardy Clause of the United States and Nevada Constitutions by increasing his lawful sentence for count one at a resentencing hearing on an unlawful sentence for count two. Respondent concedes error on this point, and we agree with the parties that appellant's increased sentence for count one violates the constitutional proscription against double jeopardy, *see Wilson v. State*, 123 Nev. 587, 590, 170 P.3d 975, 977 (2007); *Dolby v. State*, 106 Nev. 63, 65, 787 P.2d 388, 389 (1990), and remand this matter for resentencing.

Second, appellant contends that the district court erred in resentencing him under the habitual criminal statute as to count two because he was not properly noticed. We disagree. In the information, respondent put appellant on notice that it intended to seek habitual criminal treatment under NRS 207.010; respondent subsequently filed an

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17494

amended notice for habitual criminal treatment under NRS 207.012(2). Both notices included a list of appellant's prior felonies, and respondent presented copies of appellant's judgments of conviction at both sentencings. Furthermore, at the initial sentencing counsel for appellant represented that he had received notice of respondent's intent to seek habitual criminal treatment. Appellant was properly noticed, pursuant to NRS 207.016(2), and we conclude that the district court did not err in adjudicating appellant a habitual criminal under NRS 207.010. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Michael Villani, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk